# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **MICAH RAY ALLEN, ID # 1816390,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:12-CV-4863-O-BH |
| | ) | |
| **OFFICER BURNETT, et al.,** | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this action has been automatically referred for pretrial management. Based on the relevant filings and applicable law, only the plaintiff's excessive force claims against the officers in their individual capacities should be allowed to proceed, and all remaining claims should be **DISMISSED**.

## I. BACKGROUND

On or about October 19, 2012, Micah Ray Allen (Plaintiff) filed suit under 42 U.S.C. § 1983 against the Garland Police Department (GPD) and GPD Officers Burnett, Kirby, and Wren (Officers), alleging excessive force during an arrest. (Compl. at 3-4, First Magistrate Judge's Questionnaire (1st MJQ) Ans. 1).[1] He claims that on August 29, 2011, he was involved in a high-speed chase with GPD officers on motorcycles, and that when the chase ended in Quinlan, Texas, he ran into the woods and collapsed onto the ground. When the Garland Police K-9 unit located him, the officers permitted one of the dogs to attack him and then stomped in his face, kicked and beat him although Plaintiff offered no verbal or physical resistance. (1st MJQ Ans. 2). Plaintiff was taken to the hospital for emergency medical treatment, and as a result of the attack, he suffered deep contusions over his body, multiple scars from the dog attack, loss of vision in one eye, headaches,

---

[1] Answers to the questions posed by the Court constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

and panic attacks. (!st MJQ, Ans. 3, 4).

Plaintiff claims that the Officers violated his constitutional rights by using excessive force during his arrest, and that the GPD utilizes improper chase procedures where motorcycles travel at speeds over 100 m.p.h. (Compl. at 3, 1st MJQ Ans. 5). He seeks monetary and declaratory damages and criminal charges brought against the Officers. (Compl. at 4, 6; 1st MJQ Ans. 1).

## II. PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for

the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.     Garland Police Department**

Plaintiff first sues GPD. (Comp. at 4; 1st MJQ Ans. 1). A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. A city police department is not a jural entity subject to suit. *See*, *e.g.*, *Williams v. City of Dallas Police Dep't*, No. 3:09-CV-0275-P, 2009 WL 812239, at *2 (N.D. Tex. Mar. 26, 2009) (accepting recommendation of Mag. J.); *Edwards v. Dallas County Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sept. 13, 2007).[2] All claims against GPD should therefore be dismissed.

**B. Officers**

Plaintiff also sues the three Officers for using excessive force during his arrest, resulting in injury and long-term medical treatment. (Compl. at 3-4; 1st MJQ Ans. 2-4). He claims that they

---

[2]The MJQ specifically advised Plaintiff that GPD is a non-jural entity and asked if he wanted to amend his complaint to add additional defendants. He did not choose to add an additional defendant. (1st MJQ Ans. 5).

3

beat and kicked him and permitted a dog to attack him as he was lying on the ground defenseless and not resisting. (1st MJQ Ans. 1-2). It is unclear whether he sues the Officers in their official or individual capacities.

### 1. *Criminal Charges*

Plaintiff seeks to have criminal charges against the officers. There is no constitutional right to have someone criminally prosecuted, *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990), and a civil action does not permit a private party to enforce criminal statutes. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007). Therefore, criminal charges are not an appropriate remedy in a civil rights suit, and this claim should therefore be dismissed.

### 2. *Official Capacity Claims*

To the extent that Plaintiff is suing the officers in their official capacities, an official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's allegations against the officers in their official capacities are essentially claims against their employer, the City of Garland (City). *See Graham*, 473 U.S. at 165.

Section 1983 does not allow a municipality to be held vicariously liable for its officers' actions on a theory of respondeat superior. 42 U.S.C. § 1983*; see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). Rather, a municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his constitutional rights. *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 690-91 (1978). The plaintiff must show an "underlying claim of a violation of rights" as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d

734, 748 (5th Cir. 2005). "Official policy" is defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984) (en banc); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). For a facially constitutional policy, the plaintiff must demonstrate that the policy was promulgated with deliberate indifference to known or obvious unconstitutional consequences. *Piotrowski v. City of Houston,* 237 F.3d 567, 579 (5th Cir. 2001); *accord Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 849-50 (5th Cir. 2009) (discussing failures to train or supervise officers), *cert. den.* 131 S. Ct. 66 (2010).

Here, Plaintiff does not allege specific policies that were officially adopted and promulgated by the City of beating and kicking detained suspects. He does claim that the Garland police engage in "improper" high speed chase procedures, and he asserts that this is a policy that violated his constitutional rights (1st MJQ Ans. 1, 5). It does not appear from his filings, however, that the Officers were involved in the chase. (1st MJQ Ans. 1, 2). To the extent that they were involved, however, plaintiff alleges only the chase that preceded his arrest as support for this claim, from which he apparently infers customary practices or a policy of improper high-speed chases. A single incident does not show a policy or custom. *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009). Nor is it sufficient to infer a policy based on a

customary practice. *See City of Okla. City v. Tuttle*, 471 U.S. 808, 821 (1985); *see also Bennett v. City of Slidell,* 728 F.2d 762, 768 n.3 (5th Cir. 1984) ("Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability.").

Following *Twombly* and *Iqbal*, plaintiffs have the burden to allege facts that show entitlement to relief. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 213 (5th Cir. 2009). Well-pled facts that merely permit an inference of possible misconduct do not show entitlement to relief as required by Rule 8(a)(2). *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (relying on *Iqbal*). Without enough facts to permit the inference of an official custom or policy that resulted in Plaintiff's injuries, his claims against the Officers in their official capacities necessarily fail. *See Walker v. City of Dallas, Tex.*, 336 Fed. App'x 459, *1 (5th Cir. July 7, 2009) (holding that summary judgment for the City of Dallas was warranted where the plaintiff had failed to point to any policy or custom with respect to high-speed chases that caused a deprivation of his rights, especially where the only policy he identified was a policy forbidding police chases); *McClure v. Biesenbach*, 355 F. App'x 800, 803-04 (5th Cir. 2009) (finding that Plaintiffs must plead facts showing that a policy or custom existed to state a claim and affirming dismissal of municipal liability claims because the complaint alleged insufficient facts).

This conclusion is supported by *Davenport v. City of Garland, Tex.*, No. 3:09-CV-798-B, 2010 WL 1779620, at *2-3 (N.D. Tex. Apr. 9, 2010) (recommending granting motion to dismiss), *accepted by* 2010 WL 1779619 (N.D. Tex. Apr. 30, 2010) (Boyle, J.). Davenport alleged that "the use of excessive force . . . is so common and well known . . . that it constitutes a custom that fairly represents official policy". *See* 2010 WL 1779620 at *2. The Court found that these "conclusions, unsupported by facts, are not entitled to the presumption of truth." *Id.* It further found that alleged

6

failures to train or discipline officers were not supported by facts and were therefore mere conclusions not entitled to the presumption of truth. *Id.* at *3. Because Davenport failed to plead facts that "show similar incidents of excessive force," knowledge or approval by a policymaker of a pattern or practice of excessive force, or a failure to train officers by a final policymaker, he failed to state a plausible claim of municipal liability. *Id.*[3] Any official capacity claims against the Officers should be dismissed.

### 3. *Individual Capacity Claims*

Plaintiff alleges that the officers used excessive force against him during his detention and arrest because they kicked and stomped him and permitted a dog to attack him. (1st MJQ Ans. 2, 3). His resulting injuries included multiple contusions and scars, loss of vision, headaches, and panic attacks, and he required treatment at the hospital. (1st MJQ Ans. 3, 4).

The Fourth Amendment of the United States Constitution protects individuals from excessive force during an arrest or other seizure. *See Graham v. Conner*, 490 U.S. 386, 395 (1989). To prevail on a claim of excessive force, a plaintiff must demonstrate that the use of force was not "applied in a good-faith effort to maintain or restore discipline", but instead, was used "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). Furthermore, the Fifth Circuit has held that an "officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Hale v. Townley*, 45 F.3d 914,

---

[3] Other district courts have likewise dismissed municipal liability claims for lack of factual support. *See Hutchison v. Metro. Gov't of Nashville & Davidson, County*, 685 F. Supp. 2d 747, 751-52 (M.D. Tenn. 2010); *Martin v. District of Columbia*, No. 09-1241(EGS), 2010 WL 2628711, at *3 (D.D.C. July 1, 2010); *Ward v. Nevada*, No. 3:09-CV-00007-RCJ-VPC, 2010 WL 1633461, at *5 (D. Nev. Feb. 26, 2010), *accepted by* 2010 WL 1640427 (D. Nev. Apr. 2010); *Jenkins v. Humboldt County*, No. C 09-5899 PJH, 2010 WL 1267113, at *3 (N.D. Cal. Mar. 29, 2010); *Mabien v. Riley*, No. 08-00728-CG-B, 2009 WL 4609763, at *3 (S.D. Ala. Dec. 1, 2009).

919 (5th Cir. 1995); *accord Elliot v. Linnell*, 269 Fed. App'x 450, 451 (5th Cir. 2008) (per curiam). Plaintiff has sufficiently alleged facts to support his claim that the Officers did not apply the force used against him in a good-faith effort to maintain or restore discipline. His factual allegations, taken as true, reasonably suggest that the Officers acted maliciously and sadistically to cause harm, so his allegations of excessive force against them are sufficient to survive the frivolity screening.

## IV. RECOMMENDATION

All claims against all defendants, except for the excessive force claim against GPD Officers Burnett, Kirby, and Wren in their individual capacities, should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**SIGNED this 25th day of February, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE