IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICAH RAY ALLEN # 1816390,<br><br>　Plaintiff,<br><br>v.<br><br>OFFICER BURNETT et al.,<br><br>　Defendants. | §<br>§<br>§<br>§<br>§<br>§   Civil Action No. 3:12-cv-4863-O<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Defendants filed objections. The Court has conducted a *de novo* review of those portions of the proposed findings and recommendation to which objections were made. The Court finds that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are correct. Accordingly, Defendants' objections are **OVERRULED** and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as the findings of the Court.

The Magistrate Judge found that Plaintiff presented sufficient summary judgment evidence to create a genuine issue of material fact as to the circumstances surrounding Defendants' use of force against Plaintiff during his arrest. Defendants objected that Plaintiff "never presented any evidence and wholly failed to respond" to the motions for summary judgment. Burnett's Objection 7, ECF No. 45. Defendants contend that the Magistrate Judge erroneously concluded that a factual dispute precluded summary judgment based on her review of Plaintiff's Complaint (ECF No. 1), answers to the Magistrate Judge's Questionnaires (ECF Nos. 11, 13), and Plaintiff's Rule 7(a) Reply

(ECF No. 34). *Id.*

Courts may not grant summary judgment by default because a plaintiff fails to respond to a motion for summary judgment. *See Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). The district court, however, is not required "to survey the entire record in search of evidence to support a non-movant's opposition." *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)); *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992); *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Accordingly, a court *may* accept the movant's evidence as undisputed if the nonmovant fails to respond to a motion for summary judgment. *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.).

Courts, however, construe pro se complaints liberally, *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472 (5th Cir. 1996), and may rely on a plaintiff's complaint or answers to a judge's questionnaire made under penalty of perjury as summary judgment evidence. *See Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (noting factual allegations in verified complaint "may be treated the same as when they are contained in an affidavit") (citing *Huckabay v. Moore*, 142 F.3d 233, 240 n.6 (5th Cir. 1998); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (stating responses to judge's questionnaire are considered amendments to complaint); *Bookman*, 945 F. Supp. at 1003 (finding answers to magistrate judge's questionnaire "are at least the equivalent of affidavits" and can be relied on as summary judgment evidence). Furthermore, Rule 56 provides that while a court need only consider cited materials, it may also consider "other materials in the record." *See* Fed. R. Civ. P. 56(c)(3);

*see also Skotak*, 953 F.2d at 915 n.7 (noting district court not prohibited from considering articles that were not referred to in nonmovant's summary judgment response).

Here, Plaintiff's complaint, answers to the questionnaires, and Rule 7(a) Reply were submitted under the penalty of perjury. *See* Compl. 5, ECF No. 1; Pl.'s 1st Answers 9, ECF No. 11; Pl.'s 2d Answers 3, ECF No. 13; Pl.'s Rule 7(a) Reply 5, ECF No. 34. These sworn pleadings may serve as competent summary judgment evidence and, therefore, the Court may properly consider them. *See* Fed. R. Civ. P. 56(c)(3); *King*, 31 F.3d at 346; *Bookman*, 945 F. Supp. at 1003. While Plaintiff's failure to respond to the motions for summary judgment allows the Court to accept Defendants' evidence as undisputed, his failure to respond does not require the Court to accept Defendants' evidence as undisputed. *See Bookman*, 945 F. Supp. at 1002. Furthermore, even though the Court is not obligated to search the entire record to find evidence that supports Plaintiff's opposition to the motions for summary judgment, the record relied on by the Magistrate Judge only consisted of twenty-six pages. *See Sony Pictures Home Entm't, Inc. v. Lott*, 471 F. Supp. 2d 716, 721 n.2 (N.D. Tex. 2007) (McBryde, J.) (finding plaintiff failed to set forth competent summary judgment evidence and noting court not required to sift through plaintiff's "voluminous filings"). Accordingly, the Court finds that Plaintiff's sworn pleadings set forth facts supporting his excessive force claim against Defendants and are proper summary judgment evidence.

Defendants also argue that summary judgment should be granted because Defendants did not violate Plaintiff's constitutional rights and Defendants' actions were "not objectively unreasonable in light of clearly established law at the time of the events in question." Burnett's Objection 22, ECF No. 45; *see also* Wren's Objection 6-7, ECF No. 46; Kirby's Objection 6-7, ECF No. 47. The Court must grant Defendants' motions for summary judgment if they show that there

is "no genuine dispute as to any material fact . . . ." *See* Fed. R. Civ. P. 56(a). The Court finds, however, that disputes exist as to the circumstances surrounding Plaintiff's arrest and the force used by Defendants during the arrest. First, factual disputes exist as to the extent of the use of Boomer, the dog that accompanied Defendant Kirby during Plaintiff's arrest. *Compare Edwards v. Shanley*, 666 F.3d 1289, 1295-96 (11th Cir. 2012) (permitting dog to attack suspect for five to seven minutes after suspect surrendered was unconstitutionally excessive force), *with Crenshaw v. Lister*, 556 F.3d 1283, 1291-93 (11th Cir. 2009) (finding use of dog to locate, subdue, and detain suspect until he was handcuffed was objectively reasonable). Second, disputes exists as to the force used by Defendants after Plaintiff was discovered in the woods and whether Plaintiff was actively resisting. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (stating courts must pay "careful attention to the facts and circumstances of each particular cases," including whether suspect is "actively resisting arrest or attempting to evade arrest by flight") (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)); *Ramirez v. Martinez*, 716 F.3d 369, 378 (5th Cir. 2013) (noting Fifth Circuit has held that certain force used against restrained and handcuffed arrestee is excessive and unreasonable).

For the reasons stated above, the Court finds that Officer Burnett's Motion for Summary Judgment on the Issue of Qualified Immunity (ECF No. 35), Defendant Kirby's Motion for Summary Judgment on the Issue of Qualified Immunity (ECF No. 38), and Defendant Wren's Motion for Summary Judgment on the Issue of Qualified Immunity (ECF No. 40) should be and are hereby **DENIED**.

**SO ORDERED** on this **4th day** of **March, 2014**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**